IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**KAMALAH CORDELL,**

       **Petitioner,**

v.                                                  Case No. 1:20-cv-00010

**M. E. REHERMAN, Warden,**[1]
**Alderson Prison Camp,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), and Petitioner's Motion to Dismiss. (ECF No. 15). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Petitioner's Motion to Dismiss, (ECF No. 15), **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus, without prejudice, and remove this case from the docket of the Court.

**I.**    **Relevant Procedural History**

On October 22, 2019, Petitioner filed a petition for a writ of habeas corpus in the

---

[1] The Clerk is directed to substitute M. E. Reherman, Warden, Alderson Prison Camp as the Respondent in this case.

1

United States District Court for the District of Maryland, seeking a recalculation of her sentence to account for a period of pretrial detention. (ECF No. 1). On January 6, 2020, the case was transferred to this Court, because Petitioner was incarcerated in the Southern District of West Virginia. (ECF Nos. 7, 8). On January 9, 2020, the undersigned ordered the Respondent to answer or otherwise respond to the petition within sixty days. (ECF No. 10).

On January 22, 2020, Respondent filed a response, asking the Court to dismiss the petition on the grounds that Petitioner failed to exhaust her administrative remedies and, in any event, her sentence was appropriately calculated. (ECF No. 8). With respect to exhaustion, Respondent alleged that Petitioner had not submitted **any** requests for remedy while in the custody of the Bureau of Prisons ("BOP"). Respondent pointed out that exhaustion of remedies is required before a habeas petition can be considered by this Court. Consequently, the petition should be dismissed. (*Id.* at 3-4).

On February 26, 2020, Petitioner filed the instant Motion to Dismiss the habeas petition, noting Respondent's argument and indicating that she "would like to exhaust her administrative remedies for relief." (ECF No. 15 at 1). Therefore, Petitioner asks that her petition be dismissed, without prejudice, so that she can exhaust her administrative remedies. (*Id.*). Counsel for Respondent has advised the Court that Respondent does not oppose the Motion to Dismiss.

## II.    Discussion

Fed. R. Civ. P. 41 (a)(2) allows the Court to dismiss an action upon a party's request pursuant to terms the Court considers proper. Here, Petitioner acknowledges that she has failed to exhaust administrative remedies and, thus, her petition is premature. As prisoners are required to exhaust administrative remedies prior to seeking habeas relief

2

under § 2241, *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004), the undersigned **FINDS** this reason to provide a legitimate basis upon which to dismiss the petition, without prejudice.

### III.   Proposal and Recommendation

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the Motion to Dismiss, (ECF No. 15); **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2); and remove this case from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727

3

F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** March 5, 2020

_____
Cheryl A. Eifert
United States Magistrate Judge